UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JASON NICKERSON, and          :
Similarly-situated Inmates    :
                              :
v.                            :          C.A. No. 19-00030-WES
                              :
PROVIDENCE PLANTATION, et al. :

**REPORT AND RECOMMENDATION FOR**
**SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Pending before me for determination is Plaintiff's Application to Proceed In Forma
Pauperis ("IFP") (ECF Doc. No. 2) pursuant to 28 U.S.C. § 1915. On January 25, 2019, Plaintiff
Jason Nickerson, a state inmate, filed a hand-written pro se Complaint consisting of 121 pages and
529 numbered paragraphs. (ECF Doc. No. 1). Plaintiff sues on his own behalf as well as
"similarly-situated individuals [who] are/can be/have been incarcerated in Maximum Security
and/or served food from a R.I.D.O.C. dining hall and Keefe [Commissary] store order" including
parolees and those on probation. Id. at p. 3. He sues over eighty individuals and entities (both
governmental and private) ranging from Rhode Island's Governor and Department Directors to
rank-and-file Correctional Officers, Counselors, Doctors, Nurses, a Dietician and a Chaplain. Id.
at pp. 3-17. His legal claims are numerous and include allegations of racial discrimination,
retaliation, unsanitary food service and living conditions, inadequate medical care, anti-trust
violations, cruel and unusual punishments and deprivation of due process. Id. at p. 2. Plaintiff's
Complaint is accompanied by an Application to Proceed IFP without being required to prepay

costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (ECF Doc. No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE and with leave to file an Amended Complaint within thirty days.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals

under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor.  Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required, but with leave to file an Amended Complaint.

**A.      Rules 8 and 10, Fed. R. Civ. P.**

Pursuant to Rule 8(a), a plaintiff must state his or her claims by way of a "short and plain statement of the claim showing that the pleader is entitled to relief."  In addition, Rule 10(b) requires that a party must state claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances."  The purpose of these Rules is to place the Court and the defendants clearly on notice as to what the plaintiff is claiming and who he is bringing those claims against.  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2nd Cir. 1988) (pleading must allege facts sufficient to allow defendants to prepare a defense against such claims).

As presently drafted, Plaintiff's pro se Complaint is neither short nor plain.  Although Plaintiff's Complaint is factually intensive (ECF Doc. No. 1 at pp. 18-103), his legal claims for relief are conclusory and stated against large groups of Defendants without any clear delineation of their respective involvement.  Id. at pp. 105-119.  He string cites dozens of state and federal

statutes, constitutional provisions and common-law theories of liability in single paragraphs against large groups of Defendants.[1]  His Complaint, as presently drafted, does not fairly and adequately put this Court, and many of the named Defendants, on notice as to the particular claims brought against particular Defendants, and the particular facts relevant to such individual claims. Educadores Puertorriquenos En Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) ("[I]n a civil rights action…the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why…"); Bartolomeo v. Liburdi, No. 97-0624-ML, 1999 WL 143097, at *3 (D.R.I. Feb. 4, 1999) (action dismissed as to defendants against whom no factual allegations directed).  While dismissal of the present Complaint is recommended, I also recommend that the dismissal be without prejudice and with leave for Plaintiff to file an Amended Complaint to remedy the pleading deficiencies noted herein.

**B.     Misnamed and Improperly Named Defendants**

As previously noted, Plaintiff names over eighty individuals and entitles as Defendants in this case.  He identifies numerous Defendants as John or Jane Does accompanied by either a first or last name, job title or generic role such as conspirator.

Plaintiff is an inmate in the custody of the Rhode Island Department of Corrections ("RIDOC").  He sues the RIDOC[2] as well as its present and former Directors and numerous rank-

---

[1]  For instance, in paragraph 349, Plaintiff contends that "the Defendants ALL (ALL Defendants affiliated with the A.C.I./R.I.D.O.C., its facility (-ies); supervision, maintenance, running it daily)" are in violation of this Court's prior Order in Palmigiano v. Garrahy, 443 F. Supp. 956 (D.R.I. 1977).  (ECF Doc. No. 1 at p. 64).

[2]  In addition to suing the RIDOC, Plaintiff sues a number of its Departments in their official capacities, i.e., medical, maximum security, maximum security medical and legal.  First, a suit against the RIDOC is also a suit against its various departments and they need not be separately named.  Second, as indicated herein, Plaintiff cannot sue a State Agency or its Departments for money damages under § 1983.

and-file employees.  He sues the Directors in their official capacities and other rank-and-file employees in both their individual and official capacities.  Plaintiff also sues the "Providence Plantation;" however, it is clear from context that Plaintiff intends to sue the State of Rhode Island and uses the label "Providence Plantation" for effect.  If Plaintiff intends to sue the State of Rhode Island, he must properly name it as a Defendant.

Plaintiff sues in part under 42 U.S.C. § 1983.  "Section 1983 'creates a remedy for violations of federal rights committed by persons acting under color of state law.'"  Sanchez v. Pereira-Castillo, 590 F.3d 31, 40 (1st Cir. 2009) (quoting Haywood v. Drown, 556 U.S. 729, 731 (2009)).  Plaintiff's claims for money damages[3] against the State, RIDOC and all the RIDOC official employees sued in their official capacities should be dismissed at screening because § 1983 claims for money damages, as opposed to claims for prospective injunctive relief, cannot be asserted against the State, its agencies and its officials acting in their official capacities.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Walker v. Wall, No. CA 13-156-M, 2013 WL 2368863, at *6 (D.R.I. May 29, 2013) (all claims against "Director Wall, Assistant McCauley, Warden Weeden and Deputy Warden Leach" dismissed); Jones v. Rhode Island, 724 F. Supp. 25, 28 (D.R.I. 1989) ("Based on the Supreme Court's holding in Will, it is clear that neither the State of Rhode Island nor any of its officials acting in their official capacities, are 'persons' that can be held liable under § 1983.").

---

[3]    Plaintiff also prays for declaratory and injunctive relief.

Plaintiff also sues other governmental entities that do not appear to have any involvement or control over his conditions of confinement or other issues raised in his Complaint. He presents no viable or plausible legal or factual theories of legal recovery against these entities. In particular, he sues the Cities of Providence and Cranston, the Counties of Providence and Kent, the Rhode Island Department of Health and Department of Human Services, and the Directors of those Departments in their official capacities. Plaintiff has simply not stated any legally viable claims against these entities, and thus they are not proper Defendants in this case.

### C.    Class Representation

Plaintiff is a <u>pro se</u> litigant who purports to file this action on behalf of himself and other "similarly situated" individuals including maximum security inmates, parolees and those on probation. He moves for class certification pursuant to Rule 23(b), Fed. R. Civ. Proc. (ECF Doc. No. 5). Plaintiff is seeking to serve as a class representative and potentially expose absent putative class members to prejudice if judgment enters against him on these claims. <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975) (judgment against <u>pro se</u> prisoner purporting to represent class may prevent the other inmates from later raising the same claims); <u>Maldonado v. Terhune</u>, 28 F. Supp. 2d 284, 288 (D.N.J. 1998) (class claims interpreted by court as request to represent the class, which is denied; court will evaluate only individual claim).

Individuals appearing <u>pro se</u> cannot adequately represent and protect the interests of a Rule 23 class. <u>Young v. Wall</u>, 228 F.R.D. 411, 412 (D.R.I. 2005) (<u>pro se</u> plaintiff not allowed to represent proposed class because he is not an attorney and cannot adequately represent class members). Plaintiff's ability to sue for anyone other than himself is also prohibited by the Local Rules of this Court. DRI LR Gen. 205(a)(2) ("An individual appearing <u>pro se</u> may not represent

any other party…."). This is consistent with 28 U.S.C. § 1654, which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." See Vazquez v. Fed. Bureau of Prisons, 999 F. Supp. 2d 174, 177 (D.D.C. 2013) (pro se plaintiff may not represent class of prisoners without assistance of counsel) (citing 28 U.S.C. § 1654); Davis v. Superintendent, SCI Huntingdon, No. 3:12-CV-01935, 2013 WL 6837796, at *1 (M.D. Pa. Dec. 23, 2013) (plain error to permit an inmate plaintiff who is unassisted by counsel to represent his fellow inmates in a class action) (citing Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005)); see also Alexander v. N.J. State Parole Bd., 160 F. App'x 249, 250 n.1 (3rd Cir. 2005) (per curiam); Oxendine, 509 F.2d at 1407.

Because Plaintiff as a pro se litigant may not represent any interests but his own, he has no legal standing to represent a Rule 23 class and thus his class action claims must be dismissed without prejudice.

### D.    Supervisory Liability

Plaintiff sues a number of so-called "supervisory defendants" but never specifically identifies which individual Defendants fall into this group. He asserts generally that this group knowingly acquiesced in the unconstitutional behavior of subordinates, failed to prevent such behavior and failed to properly train or supervise. (ECF Doc. No. 1 at ¶¶ 509, 514, 516, 518, 520 and 522).

In a § 1983 action, only direct, rather than vicarious, liability is available. See Aponte Matos v. Toledo Davila, 135 F.3d 182, 192 (1st Cir. 1998). At a minimum, to support a claim of supervisory liability, a plaintiff must plead facts indicating an "'affirmative link' between the

behavior of the subordinate and the action or inaction of his supervisor…such that 'the supervisor's conduct led inexorably to the constitutional violation.'" Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir. 2009) (citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("purpose rather than knowledge" is required to impose supervisory liability in a § 1983 action).

The conclusory allegations described above fall far short of alleging the affirmative link necessary to state a plausible claim of supervisory liability under § 1983. Plaintiff fails to clearly identify who he is suing in their supervisory capacity and the factual basis for the required "affirmative link" needed to support a claim of supervisory liability.

### E.    Untimely Claims

Under § 1983, a plaintiff in this District is required to bring suit within three years. See Rodriguez v. Providence Police, C.A. No. 08-03-S, 2011 WL 96678, at *4 (D.R.I. Jan. 11, 2011) (applying Rhode Island's three-year personal injury statute of limitations to claims brought in this District under §1983). Plaintiff raises several issues here which plainly arose more than three years prior to this suit being initiated on January 25, 2019. For instance, Plaintiff sues a Capitol Police Officer as a John Doe Defendant and identifies the year as 2014. (ECF Doc. No. 1 at ¶ 68). He alleges elsewhere in his Complaint that the Assistant Attorney General sent Capitol Police to the A.C.I. High Security Center in 2014 to "fabricate via a DOC informant facts concerning my trial in 2014." (ECF Doc. No. 1 at ¶¶ 462, 501-503). He relatedly claims that he was "falsely incarcerated" by the City of Providence via the actions of "its Assistant Attorney General Shannon Signore." Id. at ¶ 503. These claims are time-barred on their face and, in part, appear to be challenges to the lawfulness of his state criminal conviction and resulting incarceration which are not properly pursued under § 1983. See Figueroa v. Rivera, 147 F.3d 77, 81 (1st Cir. 1998) (holding

that the "exclusive method" of challenging the constitutionality of a state criminal conviction and resulting incarceration is by means of a habeas corpus action and not § 1983). Thus, any of Plaintiff's § 1983 claims accruing prior to January 25, 2016 should be dismissed at screening as time-barred, as well as any claims attacking the legality of his state criminal conviction.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), I further recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE and with leave to file an Amended Complaint within thirty days of the District Court's Order of Dismissal which remedies the numerous pleading deficiencies noted herein. In addition, should Plaintiff choose to file an Amended Complaint, he is advised, first and foremost, to comply with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). He should also ensure that his Complaint:

1.      includes the names of all Defendants in the caption;

2.      sets forth his allegations in separately-numbered paragraphs;

3.      complies with Rule 8(a) of the Federal Rules of Civil Procedure and provides adequate notice to the individual Defendants of the nature and basis of his claims against each of them;

4.      states where and when the acts or omissions about which he complains occurred and who allegedly committed those acts or omissions; and

5.      states plainly the basis for his individual claim(s) against each Defendant, the right violated and the relief which he is seeking against each.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 20, 2019