UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON NICKERSON | : |
| | : |
| v. | :  C.A. No. 19-00030-WES |
| | : |
| RHODE ISLAND BROTHERHOOD OF | : |
| CORRECTIONAL OFFICERS, et al. | : |

**MEMORANDUM AND ORDER**

  Before this Court is Plaintiff Jason Nickerson's Motion for the Appointment of Counsel. (ECF No. 20). The Motion for the Appointment of Counsel has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). The Rhode Island Attorney General filed an Objection to the Motion on behalf of eighteen of the Defendants sued in their official capacities (ECF No. 44) and Drs. Jennifer Clarke and Christopher Salas also filed an Objection. (ECF No. 46). Plaintiff filed a Reply. (ECF No. 58). For the reasons set forth below, Plaintiff's Motion for Appointment of Counsel (ECF No. 20) is DENIED.

  In the appropriate case, the Court may "request an attorney to represent any person unable to afford counsel" in a civil case. 28 U.S.C. § 1915(e)(1). However, there is no absolute right to appointed counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991). Plaintiff bears the burden of demonstrating that "exceptional circumstances [a]re present such that a denial of counsel [i]s likely to result in fundamental unfairness impinging on his due process rights." DesRosiers, 949 F.2d at 23. In determining whether exceptional circumstances exist, the Court must examine the total situation, considering inter alia, the merits of the case, the complexity of the legal issues and the litigant's ability to represent himself. Id. In this case, Plaintiff has not

demonstrated "exceptional circumstances" sufficient to convince the Court that he is entitled to appointed counsel in this civil action.

From a review of the documents filed in this case to the present time, the Court finds that Plaintiff has the capacity to prosecute the claim and that Plaintiff has a basic understanding of the legal procedures to be followed. Although Plaintiff asserts that he is entitled to a court-appointed attorney based upon the "complexity and difficulty of the suit," and because he is "unable to adequately investigate the facts," his submissions to the Court have clearly set forth his claims and have been easy to understand. Thus, the Court determines that Plaintiff does not, at this time, meet the test for appointment of counsel and will, therefore, be required to prosecute this action pro se.

IT IS THEREFORE ORDERED, that Plaintiff's Motion for Appointment of Counsel (ECF No. 20) is DENIED without prejudice.

SO ORDERED


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 20, 2020