UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JASON NICKERSON                           :
                                          :
v.                                        :        C.A. No. 19-00030-WES
                                          :
RHODE ISLAND BROTHERHOOD OF               :
CORRECTIONAL OFFICERS, et al.             :

### REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Plaintiff's lawsuit challenges several conditions of his confinement including the medical treatment and food he received while housed in the maximum-security facility at the Rhode Island Adult Correctional Institutions ("ACI").   Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction is presently before the Court.   (ECF No. 21).   Defendants Jeffrey Aceto, Nicole Alexander-Scott, MD, Cory K. Cloud, Patricia Coyne-Fague, Nurse Dave Piccirillo, Rhode Island Department of Human Services, Walter Duffy, Billie-Jo Gallagher, Dorothy Krakue, Joshua Macomber, Michael Moore, Governor Gina Raimondo, Rhode Island Department of Corrections, Rhode Island Department of Health, Nancy Ruotolo Hull, Fred Specht, the State of Rhode Island, and Ashbel T. Wall (the "State Defendants") filed an Objection.   (ECF No. 43).   Defendants Drs. Jennifer Clarke and Christopher Salas (the "Physician Defendants") also filed an Objection.   (ECF No. 47).   Both groups of Defendants argue that Plaintiff's unsupported allegations fall far short of establishing a likelihood of success on the merits of his constitutional claims.   Plaintiff filed a Reply.   (ECF No. 59).

### Background

Plaintiff's Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") alleges he was "deprived a nutritionally adequate diet from a sanitarily prepared

and served environment for a substantial period of time."   (ECF No. 21 at p. 1).   He claims he "was denied medical care by prison personnel/staff in furtherance of conspiracies with a 'code of silence.'"   Id. at p. 2.   He also asserts that the ACI "saturated the food supplies with a psychotropic substance, soy…."   Id.   He contends that he seeks the present relief to "ensure (1) he receives adequate and meaningful medical care (to include an adequate nutritional diet (a diet that is consistent with his religious scruples (to 'be free to worship God according to the dictates of such person's conscience….') as a 'Jewish-Christian'); (2) food not saturated in soy outside informed consent honoring the right to refuse with an adequate protein supplement…(3) three boiled eggs for breakfast with two (2) sealed bowls of cereal and two milks and two (2) kosher trays for both lunch and dinner; (4) Plaintiff is outside the undue reach of the culture of retaliation of defendants by expressly putting a temporary restraining order against all brotherhood members…(5) Plaintiff has an adequate and meaningful amount of legal materials (suggesting a minimum of twenty (20) books (legal and educational) and three (3) cubic feet of legal documents at all times allowed within his living quarters…(6) water filtration devices to protect Plaintiff from [the ACI's] nefarious water; (7) adequate sneakers that support his orthotics without severe pain and injury; and (8) Ability to order from Walkenhorst's magazine for a water filtration device, sneakers, and food and supplements."   Id. at p. 3.   In support of his Motion, Plaintiff simply states that he is threatened with irreparable harm, that the "balance of hardships" "clearly/obviously" favors Plaintiff, and that he is likely to succeed on the merits.   Id. at p. 8.

**Discussion**

"When considering a request for interim injunctive relief, the court must be guided by the traditional equity doctrine that preliminary injunctive relief is an extraordinary and drastic

2

remedy that is never awarded as of right."   Tavares v. Macomber, No. CV 18-606MSM, 2019 WL 6696142, at *1 (D.R.I. Dec. 9, 2019) citing Harris v. Wall, 217 F. Supp. 3d 541, 552-553 (D.R.I. 2016).   In order to obtain a preliminary injunction, the moving party bears the burden of showing that:   (1) he will suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting injunctive relief would inflict on the nonmovant; (3) he has a likelihood of success on the merits; and (4) the public interest will not be adversely affected by the granting of the injunction.   See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991); and Hasbro, Inc. v. MGA Entm't Inc., 497 F. Supp. 2d 337, 340 (D.R.I. 2007).   "Of the four factors, the likelihood of success on the merits is of primary importance."   Flores v. Wall, No. CA 11-69 M, 2012 WL 4471103, at *3 (D.R.I. Sept. 5, 2012), report and recommendation adopted in part, No. CA 11-69-M, 2012 WL 4470998 (D.R.I. Sept. 25, 2012) citing Esso Standard Oil Co. (Puerto Rico) v. Monroig–Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("The sine qua non of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.")

Moreover, "[t]he purpose of a preliminary injunction is to preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication of the case's merits, more effectively to remedy discerned wrongs."   CMM Cable Rep., Inc. v. Ocean Coast Prop., Inc., 48 F.3d 618, 620 (1st Cir. 1995).   Plaintiff here is not seeking to maintain the status quo but wants this Court to affirmatively order the ACI to provide him with various concessions including filtered water, specific food at meals and extra legal materials.   Because Plaintiff is seeking to require Defendants to take some affirmative action, he "faces a higher burden."

Flores, 2012 WL 4471103, at *7 citing L.L. Bean, Inc. v. Bank of America, 630 F. Supp. 2d 83, 89 (D.Me. 2009) ("[M]andatory preliminary relief is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party.")

In addition to the legal standard for a preliminary injunction which is outlined above, the Court must consider the additional restrictions on injunctive relief imposed by the Prison Litigation Reform Act ("PLRA").   Under the PLRA, any temporary restraining order or preliminary injunction entered must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."   18 U.S.C § 3626(a)(2).   See also Harris, 217 F. Supp. 3d at 553.   "In interpreting the text of § 3626, courts must be guided by Congress's 'ambient intent' to curb the involvement of the federal judiciary in the day-to-day management of prisons." Tavares, 2019 WL 6696142, at *2 quoting Morales Feliciano v. Rullan, 378 F.3d 42, 50 (1st Cir. 2004).

Evaluating Plaintiff's request for injunctive relief against the guideposts outlined above, especially in light of his status as a prisoner subject to the PLRA, the Court concludes his Motion is deficient.   In his Motion, Plaintiff asserts he has been denied a "serious medical need" and the "basic necessity of life food."   ECF No. 21 at p. 4.   Plaintiff does not specifically identify the serious medical need, but repeatedly expresses his dissatisfaction with the food and sanitation at the ACI, and states he was denied "medical aid (adequate nutrition)."   Id.   The Physician Defendants contend that the "only involvement [they] had with [Plaintiff] was monitoring his weight, encouraging him to end his hunger strike and providing him with the dietary supplement Ensure…."   ECF No. 47 at p. 7.   The State Defendants note that "Plaintiff [ ] receives three

4

meals a day in accordance with his kosher vegetarian diet; a diet that he requested and that he has been on since September 11, 2019." (ECF No. 43 at p. 4). Plaintiff also claims his access to the law library and legal materials have been unconstitutionally curbed, despite the fact that he has successfully advocated for himself in filing the present lawsuit.

While Plaintiff has cited numerous cases in support of his assertion that he satisfies the conditions for the granting of injunctive relief, such cases do not directly relate to his claim and in no way support his request for injunctive relief. In short, his Motion is completely bereft of any detail beyond conclusory statements and appears to be a laundry list of accommodations he seeks. The State Defendants note that Plaintiff has been incarcerated at the ACI since 2011 and is serving a fifty-year sentence. They argue that "nothing in Plaintiff's allegations illustrate any change of circumstance over the past nine years or any immediate harm that Plaintiff would suffer in the absence of granting this preliminary injunction." ECF No. 43 at p. 5. They further argue that "Plaintiff's motion does not lay out any instances in which his claims would be successful, but instead cites a myriad of caselaw without any factual allegations to support a likelihood of success." Id. at p. 6. After a thorough review of the documents filed to date, this Court agrees. Plaintiff's purported support for his Motion is plainly insufficient to show a likelihood of success on the merits. Moreover, his Motion for an injunction that alters rather than preserves the status quo should be denied because it demonstrates "no irreparable harm, never mind exigent circumstances, to support such an extraordinary remedy." Tavares, 2019 WL 6696142 at *2. Finally, the public interest does not favor the granting of the instant Motion as it would undermine the authority of Defendants who are employees of the Rhode Island Department of Corrections ("DOC") and would also unduly interfere with the day-to-day operation of the DOC.

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 21) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.   See Fed. R. Civ. P. 72(b); LR Cv 72.   Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.   See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


    /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 20, 2020

6